## J. W. CAUDLE AND WIFE v. W. E. MORAN.

*Practice—Irregular Judgment — Order in One Action Invalid as Affecting Separate Action.*

1. While an action to foreclose a contract for the sale of land was pending an attachment was sued out against the defendant and levied upon personal property. The plaintiffs also brought summary process of ejectment before a justice of the peace, and from a judgment removing the defendant from possession the latter appealed to the Supreme Court. Defendant afterwards moved in the foreclosure action for an order vacating the attachment and restoring him to possession of the land ; *Held*, that an order restoring the defendant to possession, made in the foreclosure action before the appeal in the ejectment case had been tried, was erroneous.

2. In such case, however, it was proper to appoint a receiver of the rents and profits of the land.

CIVIL ACTION, pending in STOKES Superior Court, heard before *Norwood, J., at Chambers*, in Winston, Forsyth county, on May 18, 1896, on motion of defendant. The facts appear in the opinion of Associate Justice FURCHES. Plaintiffs appealed.

*Messrs. A. M. Stack* and *Jones & Patterson*, for plaintiffs (appellants).

*Messrs. Watson & Buxton*, for defendant.

FURCHES, J. : It appears from the pleadings in this case that plaintiffs sold the defendant a tract of land and gave him a bond for title when paid for; and the defendant executed to plaintiffs his note for the purchase money and a sale of the land.

That after this action was commenced the plaintiffs sued out warrants of attachments, which were levied upon certain articles of personal property of the defendant.

That after this action was commenced the plaintiff also

CAUDLE *v.* MORAN.

commenced summary proceedings in ejectment before a justice of the peace against the defendant for possession of this same land, *and managed the matter so that he got judgment and turned the defendant out of possession.*

The defendant appealed from this justice's judgment to the superior court, where the case now stands for trial, as well as this action, brought for the purchase money.

The defendant, wishing to have the said attachments vacated, upon notice moved the court for an order vacating the same; but as the parties were not able to have the same heard at Stokes court they agreed that it might be heard at Forsyth court, which was done.

Upon this hearing the court refused to vacate the attachments, but made an order restoring the defendant to the possession of the land from which he had been ejected by the justice of the peace, and appointed a receiver of the rents and profits. The plaintiff, being dissatisfied with that part of the order restoring the defendant to possession, excepted and appealed.

However just this order of restitution may have been, it was a legal error and cannot be sustained. It was erroneous because it was not made in the case then being heard by the court, but in another case then pending, and for trial in Stokes county. It was erroneous because it was made before the case on appeal was tried, in which the defendant was ejected.

The order appointing a receiver seems to us to have been proper, and that part of the order is affirmed. But that part of the order restoring the defendant to the possession of the land is erroneous and must be reversed. Error, and order of restitution is reversed.

Error.